IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEE ANN CARTWRIGHT, et al.  )
                            )
v.                          ) NO. 3-11-0655
                            ) JUDGE CAMPBELL
PINNACLE NATIONAL BANK      )

MEMORANDUM

Pending before the Court is Third Party Defendant's Motion to Dismiss Pinnacle's Amended Third-Party Complaint (Docket No. 36). For the reasons stated herein, the Motion to Dismiss is DENIED.

FACTS

This action arises from the alleged misuse and misappropriation of funds by Third-Party Defendant Anthony Myers ("Myers") from the David L. Cartwright Family Trust ("the Trust") through an account which Myers opened in the name of the Trust at Defendant and Third-Party Plaintiff Pinnacle National Bank ("Pinnacle"). The Trust filed this action against Pinnacle, alleging negligence, recklessness, conversion and violation of the Uniform Fiduciaries Act in connection with Myers' alleged misuse and misappropriation of the funds. Docket No. 21.

The Trust contends that Pinnacle accepted from Myers a signature card bearing the forged signature of Lee Ann Cartwright, widow of David L. Cartwright and a Co-Trustee (with Myers) of the Trust. Ms. Cartwright asserts that she did not, in fact, sign that signature card. Docket No. 21. Moreover, the Trust alleges that the initial deposit by Myers into the Pinnacle Trust account was a check payable to Ms. Cartwright and fraudulently endorsed to the Trust. *Id*. The Trust asserts that subsequent deposits to the Trust account by Myers were made by checks payable to Ms. Cartwright

and also fraudulently endorsed. *Id*. The Trust alleges that, without the knowledge or authorization of Ms. Cartwright, Myers withdrew more than $445,000 from the Trust account at Pinnacle and misappropriated those funds for himself. *Id*.

Pinnacle has filed a Third-Party Complaint against Myers, alleging that Myers made false and fraudulent representations to Pinnacle in connection with the opening of this Trust account. Docket No. 32. Among those representations which Pinnacle claims to be false were that his purpose in opening the account was for the use and benefit of the Trust; that the signature on the signature card and the signatures on the deposited checks were Ms. Cartwright's; and that he had the authority and permission to open the account and to make withdrawals therefrom. *Id*. Pinnacle also asserts that, through this wrongful conduct, Myers breached his contract with Pinnacle and breached the covenant of good faith and fair dealing. *Id*. Pinnacle claims that if it is found to be liable to the Trust, then Myers is liable to Pinnacle for all misappropriated funds.

Myers has moved to dismiss Pinnacle's Third-Party Complaint, arguing that he had no contract with Pinnacle and that Pinnacle's allegations of fraud and misrepresentation do not satisfy the minimal pleading requirements for the element of reliance. Docket No. 37.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

ANALYSIS

Myers argues that he had no contract with Pinnacle, because the signature card did not incorporate the Bank Depositor Agreement attached to Pinnacle's First Amended Third-Party Complaint. The Signature Card attached to the original Complaint herein reflects the following language: "The undersigned also acknowledge the receipt of a copy and agree to the terms of the following disclosure(s): Deposit Account, Funds Availability, Truth in Savings, Electronic Fund Transfers, Privacy." Docket No. 1-1.[1] It is the Deposit Account Agreement which Pinnacle claims that Myers breached. Docket Nos. 32 and 32-1.

The Third-Party Complaint sufficiently alleges that Myers breached his agreement with Pinnacle. Even if the only agreement was the signature card itself, the Trust and Pinnacle allege that Ms. Cartwright's name thereon was forged, presumably by Myers. Dishonesty in implementing an agreement would be a breach of that agreement.

The signature card does reference other documents, and Pinnacle has sufficiently asserted that those documents were incorporated and agreed to by Myers through his signature on the signature card. Pinnacle has also sufficiently alleged that Myers, in forming a banking relationship

---

[1] The Court can consider this signature card because it is attached to, referenced in, and relied upon in the Complaint. The Court can also consider the Bank Depositor Agreement because it is attached to, referenced in, and relied upon in the Third-Party Complaint.

with Pinnacle, impliedly agreed not to engage in unlawful conduct, not to defraud the bank, and not to misappropriate funds from the bank's accounts.

Similarly, Pinnacle has sufficiently stated a claim for breach of the implied covenant of good faith and fair dealing. Accepting all the allegations of the Third-Party Complaint as true, the Court finds that Pinnacle has sufficiently alleged that such a duty was implied in the banking relationships of the parties and that Myers' allegedly unlawful conduct breached that duty.

Myers argues that Pinnacle has not satisfied the requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure with regard to its fraud and misrepresentation claims.[2] Pinnacle alleges that Myers made specific misrepresentations that he had permission and authority to open the Trust account, that he had validly endorsed checks to make deposits, and that the signature of Ms. Cartwright on the signature card was valid.

Whether Pinnacle reasonably relied upon Myers' misrepresentations cannot be decided by the Court on this Motion to Dismiss. Whether a person's reliance on a representation is reasonable generally is a question of fact requiring the consideration of a number of factors. *Davis v. McGuigan*, 325 S.W.3d 149, 158 (Tenn. 2010); *Carbon Processing and Reclamation, LLC v. Balero Marketing and Supply Co.,* __ F.Supp.2d __, 2011 WL 4915863 at * 18 (W.D. Tenn. Oct. 17, 2011). Pinnacle has sufficiently alleged fraud and misrepresentation, and Myers' Motion to Dismiss those claims is also denied.

---

[2] Pinnacle alleges intentional misrepresentation and, alternatively, negligent misrepresentation. Obviously, the same representation cannot be both intentional and negligent.

4

## CONCLUSION

For these reasons, Third-Party Defendant Myers' Motion to Dismiss (Docket No. 36 ) is DENIED.

IT IS SO ORDERED.

                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE